Hitchcock, J.
Before proceeding to the consideration of this case, it may be proper to remark that in proceedings under the statute authorizing the amercement of an officer, great strictness is required, and he who would avail himself of the remedy therein provided, must bring himself both within the letter and spirit of the law. It is right that it should be so, because the remedy is. summary, and in its consequences highly penal. There is no trial by jury, and but little, if any, discretion is left to the court. The causes for which a sheriff may be amerced are, for neglecting or refusing to execute any writ of execution to him directed, and which has cometo his hands; for neglecting or refusing to sell any goods and chattels, lands and tenements; for neglecting to call an inquest to appraise lands, and return a copy thereof forthwith to the clerk’s office; for neglecting to return any writ of execution to him directed on or before the second day of the term, except in the county of Hamilton ; for neglecting to return an inventory of the goods and chattels by him taken in execution, unless he shall return that he hath levied and made the amount of debt, damages, and costs; for neglecting and refusing *to pay over on [48 demand, to the plaintiff, all moneys by him collected or received for his use; and for neglecting and refusing to pay over to the defendant, on demand, all moneys received on the sale of any property over and above what is sufficient to satisfy the writ of execution. 29 Ohio L. 109. In each of these cases, the sheriff, *49 on motion in open court, shall be amerced in the amount of debt, damages, and costs named in the execution, with ten per cent, penalty thereon for the use of the plaintiff or defendant, as the case may be. While in an action at common law a plaintiff, in any of these cases, would recover only the damages actually sustained, by seeking his remedy under this statute he is sure to recover, if he recovers at all, the full amount of his debt, with the additional penalty. The object of the law is, undoubtedly, to induce fidelity on the part of a sheriff, but if carried into execution it sometimes operates very severely.
The three first errors assigned in this case refer to the proceedings which transpired before the writ of ca. sa. was issued, and are based upon the hypothesis that- no sufficient cause was shown for issuing the writ. Previous to the act of March 19, 1838, “to abolish imprisonment for debt,” a ca. sd. might have been issued, as a matter of course, to enforce the collection of a judgment. But since the enactment of this law such writ can be issued only in certain specified cases, and in pursuance of an order of the court rendering the judgment, or of a judge of that court. 36 Ohio L. 76. One condition upon which such writ may be issued, is where the defendant “has converted, or is about to convert, his property into money, with intent to prevent its being taken on execution.” Of the existence of this fact, the court or judge must be “satisfied by the affidavit of the judgment creditor, or his lawful attorney, and such other testimony” as shall be adduced. The attorney referred to in the statute, I apprehend, is an attorney at law. Such would seem to be the evident meaning.
In the case before us the affidavit was not made either by the judgment creditor or by his attorney in court, but by a third peril)] son, as agent of the ^creditor. The law speaks of “ other testimony,” in addition to the oath of the party, and no such testimony was introduced. It is clear that there was not a literal compliance'with the terms of the statute, and it is at least doubtful whether there was a substantial compliance. Another objection taken in the case is, that here were two defendants, with respect to one of whom no affidavit was filed, and yet the ca. sa. was issued against both. Such a case does not seem to have been in the contemplation of the legislature at the time the law was passed. At least nothing is said about a case so situated. If it be improper to imprison for debt, unless where there is prima fa:ie evidence of *50 a fraudulent act, or fraudulent design on the part of the debtor, it would seem rather hard to imprison one individual upon evidence that another was about to commit a fraudulent act. It certainly would not be in conformity with the spirit of this statute, for under it I conceive that no man can, strictly speaking, be imprisoned for debt. The imprisonment is rather in the nature of a punishment for fraudulent conduct. But in the opinion of a majority of the court, it is not necessary in this case to decide any of these questions. The sheriff has no connection wi.th them. He can no more shield himself for neglect, in consequence of an error which the court may have committed in making the order, than he could by showing that there was an error in the original judgment. The execution having been issued by competent authority, would have protected him in the performance of any act necessary to enforce it.
The fourth error assigned is, that the writ was not indorsed, “funds are deposited to pay the sheriff on this writ.”
By section 20 of the act “ regulating the fees of officers in civil and criminal cases,” 29 Ohio L. 226,it is enacted, “that it shall be the duty of each and every clerk, when he issues such writ to a sheriff or other officer discharging the duties of sheriff in any other county in this state, to indorse on the back of said writ these words : ‘ Funds are deposited to pay the sheriff on this writ,’ and subscribe *his name thereto ; and no sheriff or other officer [50 shall be bound to execute and return any writ of capias ad respondendum which shall not be thus indorsed.” In the case before the court, the writ was a capias ad respondendum, and was not thus indorsed. And this was the reason assigned by the sheriff for not executing it. The object of requiring this indorsement is, that the sheriff to whom the writ is directed may have assurance that his fees are secured. The record before us shows, that the judgment creditor tendered to the sheriff an amount more than sufficient to satisfy all fees that could accrue, and it is urged by counsel that this is equivalent at least to an indorsement on the writ. It certainly is sufficient to satisfy the court that the sheriff did not refuse to execute the writ because he was apprehensive of any loss of fees. He must have been actuated by some other motive, and possibly, in an action at common law for a misfeasance in office, he might find it difficult to defend on the ground that the required indorsement was not made. Upon this point we express *51 no opinion. But this is not such an action. It is a proceeding on a motion to amerce, in which ease the party prosecuting must, as before stated, bring himself within both the letter and the spirit of the law. Does he do it here? The statute is explicit that the indorsement shall be made, and it is equally explicit, that if it be not made, and the writ be a capias ad respondendum, “ no sheriff or other officer shall be bound to execute and return ” it. Can he be amerced for not doing that which the law declares he shall not be bound to do ?. We think not, and that the court of common pleas erred in deciding otherwise.
Judgment reversed..