THE COVINGTON AND CINCINNATI BRIDGE COMPANY, Plaintiff in Error, *v.* L. H. SARGENT, Defendant in Error.

In 1856, S. subscribed for stock in the bridge company. By private acts in 1859 and 1861, and the public act of 1865, the company were authorized to issue "preferred stock," but did issue not only "preferred stock," but new "common stock," the old common stock having been disposed of. Subsequently the company sued S. for his unpaid subscription, and recovered judgment. S. paid the judgment, demanded his stock, and was tendered shares of the new issue of "common stock," which he refused, and brought suit to recover what he had paid.

*Held*, the authority granted to issue "preferred stock" did not include the power to issue new "common stock."

That as the company had disabled itself without S.'s assent from delivering the stock he had contracted for, he could recover as on a failure of consideration.

That the judgment in the former suit did not necessarily determine the matter in the latter, and was no bar.

On error from Special Term to reverse a judgment rendered for the plaintiff below. The case appears fully in the opinion.

*George Hoadly* and *Mackoy*, for plaintiff in error.

*King, Thompson & Avery*, contra.

HAGANS, J. (TAFT, J. not sitting.) In 1856, Sargent subscribed for five shares, $500, of stock in the bridge com-

pany, conditioned as to payment upon the completion of the bridge. The bridge company had then, by statute, 47 Ohio Laws, 269, the power to issue three thousand shares of stock. The bridge was completed in January, 1867, and Sargent was afterward sued on his subscription, recovery had, and the money paid. In the meantime, the company had-issued one hundred and eight shares in excess of the original three thousand. In 1856, 55 Ohio Laws, 173, and 1861, 58 Ohio Laws, 160, by acts of the legislature of Ohio, concurrent with the legislature of Kentucky, the company issued "preferred stock," entitled to a dividend of fifteen per cent. before the original stock would receive any dividend, and also issued-ordinary stock. When Sargent paid the judgment for his subscription and demanded his stock, the company tendered him five shares of this new issue of ordinary stock, the old having all been issued, which he refused to receive, and brought this suit to recover the amount he had paid.

Sargent claims that the company should have given him preferred stock if any, and that inasmuch as the company had disabled itself from giving him the stock for which he had subscribed, he was not bound to take any other, and was entitled to recover as upon a failure of consideration. *Moses* v. *McFarlan,* 2 Burr, 1012; *Keys* v. *Harwood,* 2 Man. G. & S. 905. The acts of 1858 and 1861 referred to, without calling special attention to them, seem to us to be unconstitutional, under article 13, section 1, of the.constitution of Ohio, though it seems their provisions were accepted by the stockholders. *Atkinson* v. *W. & C. R. R. Co.,* 15 Ohio St. 21.

This legislation was evidently regarded as unconstitutional, for in 1865, S. & S. 200, the legislature of Ohio passed a general act authorizing any bridge company heretofore incorporated to bridge the Ohio river, to increase its stock to two million dollars by the vote of a majority of the stockholders, and "to make such increased stock preferred stock," providing for dividends of fifteen per cent

thereon before the payment of any dividends on the non-preferred stock. The provisions of this act were accepted by a majority vote of the stockholders, but without Sargent's assent, for he was not a stockholder, and was excluded from voting by the statute, nor did he assent to the acceptance of the previous acts. This act of 1865 cured, it is claimed, the previous invalid legislation, and made the non-preferred stock, as well as the preferred issued under the acts of 1858 and 1861, valid; or that, at least, the company, under the act of 1865, had the right to issue non-preferred as well as preferred stock. At all events, the company so construed the act, and issued a large amount of ordinary as well as preferred stock, and it was this ordinary stock which the company tendered to the defendant in error and he refused to take. But a careful reading of the act does not satisfy us that either of these constructions are authorized. The power to make the increase of stock preferred stock does not include the power to issue partly preferred and partly non-preferred stock. The fact was, therefore, that at the time of the demand and tender the company had no old stock, and could not comply with the demand made by the defendant in error. By the issue of the preferred stock, which was equivalent to a first mortgage on the company's earnings, the common or old stock was made of comparatively small value. It is not necessary to discuss the question whether Sargent would have been bound to take the old stock if the company had any to give him.

But it is said that, at most, Sargent is entitled to recover only the market value of the old stock at the time of the demand, which the testimony shows was twenty per cent. of its par value. But the company has no old stock. Besides, the testimony clearly shows that the company had disabled itself from performing its part of the contract, without his assent, and ought not be allowed to take advantage of its own wrong. It seems, therefore, to us a case for a recovery as on a failure of consideration.

But it is finally urged that the record of the suit wherein a recovery was had against Sargent for the subscription price of the stock, precludes a recovery here; that the whole matter is *res adjudicata*, and that this is substantially an attempt to prosecute a writ of error to the judgment in that case. It is said that if Sargent knew of the claim upon which he seeks a judgment here at the time of the litigation in that suit, and did not plead it, he has waived it, and if he did not know it he must bring his action for a new trial. Code, sec. 301; 2 S. & C. 1033; *Reynolds* v. *Stansbury*, 20 Ohio, 344.

But we are not impressed with the soundness of that suggestion in looking into the record of that case. Sargent might well suppose, *ex æquo et bono*, that the company would issue preferred stock to him, even though he might have known of the overissue of the old stock. And when he had paid the subscription, and his demand was made and not complied with, the parties stood upon that which occurred after the judgment, and upon the new relations thus created. Besides, the actual point at bar was not raised in that case, and not necessarily tried and determined, and this must have been the case to make that judgment conclusive. De Gray, C. J., so laid down the law in the *Duchess of Kingston's case*, 20 How. St. Trials, 538, and our Supreme Court has adopted the same rule in *Love* v. *Truman*, 10 Ohio St. 45. Says Lord De Gray in the case above cited, "Neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which came collaterally into question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment." But, as we have seen, this action is founded upon what occurred after judgment, and could not be a reason for a new trial in that case. The propriety and validity of that judgment is not drawn in question, and, indeed, could not be in this proceeding, but the defendant in error in this case is bound to abide by it.

We do not see how the plaintiff in error is helped by the fact that the legislature of Kentucky is authorized specially to legislate amendments to the charter of the bridge company, in reference to the preferred and ordinary stock, which was claimed to be followed by the legislature in Ohio. The bridge company can not afford to admit that either State separately can alter or amend its charter or powers. Besides, the acceptance by the stockholders of the act of the Ohio legislature of 1865 precludes the company from denying the jurisdiction of the constitution and laws of Ohio as to its corporate powers.

Judgment below for the defendant in error will be affirmed.