tive, and the probate court ousted of a part of its jurisdiction.

Entertaining these views as we do, we think they dispose of all the questions arising on the petition in error and record, and the only remaining question is the one made by the motion to strike from the files the petition in error and bill of exceptions on the ground of want of jurisdiction of this court.

It is contended by counsel for defendant in error that the order removing the plaintiffs in error, was not a final order from which error can be prosecuted.

Section 6707 of the Rev. Stat. provides that, "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversd, as provided in this title."

Error lies only from final judgments, decrees or orders, the determination of which affects a substantial right.

Kusley v. State, 3 Ohio St., 508; Watson v. Sullivan, 5 Ohio St., 42; Halbrock v. Connelly, 6 Ohio St., 199; Hobbs v. Beckwith, 6 Ohio St., 252; Steubenville v. Patrick, 7 Ohio St., 170.

In Brigel v. Starbuck 34 Ohio St., 280, it was held that an order removing an assignee was not appealable. On page 287, the court say, "an examination of our legislation and decisions shows that it has been the general policy in this state, not to permit an appeal from an order appointing or removing a trustee, and that this extends to guardians. * * In view thereof, of the nature of an appeal, and not of the effect of allowing it in cases like the present, it seems to us that it was not intended to apply to such cases—That an order or decision to be subject of appeal must be definite or final in its character, and that it may be stated as a general rule, that an order to be appealable must affect property rights and not merely the administration of the trust. We do not think the original assignees had such interest in the trust as to enable them to litigate the question of their displacement by an appeal to the court of common pleas, nor do we think any creditor could litigate the question in that form."

We think, for the same reasons, that the assignee can not prosecute error. He has no substantial personal or property right to be affected by his removal. He has no interest in the administration of the estate except to perform his duties according to law and the order of the court. He is entitled to nothing but compensation for his services and renumeration for expenss paid out by him; and when no services have been rendered, and no expenses incurred,

how can it be said that he has any right affected by his removal.

The interest of the creditors in the payment of their claims, and of the assignor in discharging his debts, are paramount to everything else in the administration of the estate, and to permit an assignee removed, to litigate the question of his removal, and thereby to hinder, embarrass, and delay the administration of the estate, would be to thwart the purpose of the law which is to adjust the rights of the creditors of the assignee with all reasonable dispatch.

For the reasons assigned, we think the motion to strike the petition in error and bill of exceptions from the files should be sustained, and the petition and bill dismissed.

The conclusion we have reached on the motion would have made it unnecessary for us to consider the case on its merits, but at the request of counsel we have done so, and our conclusion is, that there is no error shown by the record in this case.

John A. Cone and T. E. Powell, on behalf of Trustees removed.

J. D. Van Deman, Wolford & Crisinger and Sayler & Sayler, on behalf of J. D. Van Deman.

(Affirmed by the Circuit Court of Delaware county, Dec. 18, 1897.)

---

(Superior Court of Cincinnati.)
February, 1898.

JOSEPH SAUER v. THE CINCINNATI STREET RAILWAY COMPANY.

---

1. Where one of the parties to a suit invites the determination by a court of equity of matters which are strictly speaking of legal defense, such determination while erroneous and constituting grounds for a *reversal*, provided the party is not estopped to raise the question, can not be said to be void for want of jurisdiction so as to be collaterally attacked.

2. Where one of the parties to a suit procures a decree which owing to the circumstances and the character of the case is not final as determining ultimate rights but is an interlocutory decree, it must take the consequences of its action and must be held to abide such decree until it, together with the final judgment, may be reviewed in the upper courts.

---

JACKSON, J.

The question here presented is as to the admissibility in evidence of a certain decree entered February 1, 1890, in case No. 43246, an action between the same parties as in the above entitled case.

The petition in said No. 43246 declared upon an action of tort, it being a suit to recover against the Cincinnati Street Railway Company the sum of fifteen thousand dollars for damages on account of personal injuries which it was alleged the plaintiff, Joseph Sauer, had received on the 18th day of July, 1887, by reason of the carelessness and negligence of the defendant company while said plaintiff was a passenger on one of the cars of said defendant.

The answer of the defendant was first a general denial: and second, a plea of a written contract of compromise and settlement of all plaintiff's claim for damages which it was alleged by way of defense was entered into by defendant for a valuable consideration on or about the 22d day of September, 1887. To this answer, the plaintiff on June 5th, 1888, replied, stating in substance that the agreement of compromise and settlement actually entered into between the parties was to the effect that defendant would pay the expenses of plaintiff's sickness, and would thereafter "give plaintiff work such as his bodily condition would permit him to do, and for such a length of time until the plaintiff should become well enough to work at his trade, which was that of a hand in a brewery, and that for said services plaintiff was to receive a reasonable compensation."

Plaintiff further avers in said reply that he was given work for a short time, but that the work assigned him was of such character that he could not by reason of his bodily condition attend to the same. He also averred that the paper writing purporting to contain the above agreement was submitted to him for his signature; "That he was not able to speak, read or write the English language; that said paper which was written in English was explained to him by the officers, agents and representatives of the said defendant company as containing said terms of compromise as above averred; that if it should be found that said paper writing does not contain said terms, then his signature to the same was obtained from him by the fraud of the defendant company through its officers, agents and representatives, and that by reason of the premises, this plaintiff still continues to pray as in his first and former petition herein."

On December 8, 1889, the defendant filed the following motion: "Now comes the defendant, the Cincinnati Street Railway Company, and moves the court to try the equitable issues raised by the pleadings in this cause to the court without the intervention of a jury, and to stay further proceedings in same until the court shall have determined said equitable issues."

On the same day an entry was made granting said motion and ordering "that said equitable issues be tried before a judge of this court without the intervention of a jury, and that further proceedings in this case be stayed until the determination of the same."

To the granting of said motion and the making of said entry the plaintiff below noted his exceptions. Thereafter a hearing upon the so-called equitable issues was had in this court, the plaintiff below excepting to all proceedings of the court thereunder.

Considerable evidence was taken in support of the claims of both parties, and thereafter on February 1, 1890, the final decree which is the subject of controversy, was entered, in which the court found that the paper writing relied upon by the defendant as the agreement of compromise between the parties did not contain the whole of such agreement and "that said agreement in addition to the terms and conditions set forth in said paper writing included, and the court finds a part and parcel thereof, that the said The Cincinnati Street Railway Company in addition to the payment of the sum of money therein mentioned, did agree to and with the said Joseph Sauer that it would give him, said Joseph Sauer, such light work as the said Sauer was capable of doing in his then condition and until such time as he should be able to return to his regular employment."

The court therefore proceeded to order and adjudge "that said paper writing as reformed be and the same is hereby declared to be the agreement between the plaintiff and the defendant as hereinbefore set forth."

The defendant excepted to the decree, but it does not appear that it excepted for want of jurisdiction, and thereafter prosecuted error to the superior court in general term. The general term affirmed the judgment of the court below, and the defendant thereupon prosecuted error to the supreme court of the state. The supreme court refused the application of defendant for leave to file petition in error upon the ground that the order made by the special term was not a final order, and therefore not reviewable in that court.

The plaintiff, Joseph Sauer, then instituted the present action in this court, in which he seeks to recover from the defendant company for breach of the contract as reformed and evidenced by said decree.

Upon the first trial of the case, the decree was, against the objection of the defendant, admitted in evidence as embodying the real terms of the agreement between the parties. The trial resulted in a verdict of $2,000 in favor of the plaintiff, and the case came to general term by reservation upon the motion for a new trial. The general term reversed the case, upon the ground that the ver-

dict was against the weight of the evidence, but found "that there is no error in the record of the court below upon the questions of law."

The case being remanded to special term, came on for trial, and said decree was again offered in evidene to prove the contract, and was excluded upon defendant's objection. Thereupon a juror was withdrawn, and the case continued.

At the present trial the defendant again objects to the admission of said decree, and urges as grounds for its objection: First, that the judgment of the court in decreeing a reformation of the contract so as to embody the real terms of the agreement as found by the court was void for want of jurisdiction. Second, that the decree was an interlocutory order, subject at any time to be modified by the court, and therefore not binding upon the parties.

It is apparent at the outset that, under the pleadings in the original case, No. 43246, there were in fact no equitable issues presented calling for the determination of a court of equity. The plaintiff sued in tort on account of personal injuries received by reason of the alleged negligence of the defendant. The defendant answered, pleading for its second defense a compromise and settlement of all such claims; the plaintiff replied, alleging in substance another and a different agreement of compromise and settlement than that relied upon by the defendant, and also fraud in the procurement of the contract of settlement relied upon by the defendant.

The reply of plaintiff therefore raised no equitable issue whatever. So far as the allegation of fraud in the reply is concerned, it must be treated purely as a defense to defendant's answer of compromise and a settlement, and not as a proceeding on behalf of plaintiff, asking for affirmative relief in the way of cancelling said contract relied upon by the defendant. The claim of fraud being purely a matter of defense to defendant's answer, was therefore properly a legal defense, and therefore a mixed question of law and fact to be determined by the jury under the instructions of the court. The claim of plaintiff in his reply, that the contract of compromise and settlement contained other conditions and agreements than as claimed by the defendant, amounted only to a denial of the contract relied upon by the defendant. It must be considered as a denial of defendant's defense, and not a proceeding asking for any affirmative equitable relief, and as constituting such legal defense it was therefore properly a matter for the determination of the jury. In the case of Fiedeldey, administrator, v. Reis, decided by Judge Avery, and reported in 12 W. L. B., p. 77, it is stated:

"The averment in answer to a petition upon contract, of a material stipulation, in addition to what is set forth in the petition as the contract, amounts at the most only to a denial of the contract set forth."

Besides, there could not possibly be an equitable issue raised by the plaintiff in his reply. inasmuch as the petition states only an action of tort.

As said in Durbin v. Fisk, 16 Ohio St., 533:

"A plaintiff can recover only on the causes of action stated in his petition. It is not the province of a reply to introduce new causes of action. This can be done only by amendment of the petition.

Therefore it must be said that is was error on the part of the court to grant the motion of plaintiff referring the so-called equitable issues to the court without the intervention of a jury. But said motion was made on behalf of the defendant in that case, and an entry referring the so-called equitable issue to the court without the intervention of a jury was made against the plaintiff's objection, and subject to his exceptions. In other words, the defendant in that action insisted upon treating the matter set forth in plaintiff's reply, which we have shown were purely matters of legal defense, as equitable issues. The plaintiff was entitled to have the matter of defense set forth in his reply heard and determined by a jury, but the defendant insisted that the determination of these matters was proper only for a court of equity. Assuming that in order for plaintiff to establish his defenses, as set forth in his reply, it was necessary that the contract relied upon by defendant should be indirectly satisfied or indirectly reformed, or, to express it definitely, that a verdict of the jury in favor of the plaintiff would indirectly amount to setting aside the contract as signed by the plaintiff and finding a different contract. The defendant of its own motion chose to invoke the aid of a court of equity to directly pass upon these issues, and say whether or not the contract should be set aside or should be reformed. In other words, against the objections of the plaintiff it chose to withdraw from the jury questions which should have properly been submitted to them in order to have them determined by a court of equity. By so doing the defendant in effect conceded, either that the plaintiff could set up a new and equitable cause of action, by way of reply, and waive its right to insist that such new and equitable cause of action should have properly been set up by way of amendment to the petition, or that the matters of defense were properly referable to a court of equity. The objection that it is not the province of a reply to introduce new causes of action is one that must be raised by the defendant; but if a defendant, instead of raising

this objection, insists by its conduct that a new and equitable cause of action is stated, and insists upon its determination by a court of equity, we think he is prevented from raising the question of the jurisdiction of the court, especially so, when by its conduct it has prevented the plaintiff from leaving the determination of these questions to a jury. In the case of Durbin v. Fisk, 16 Ohio St., 533, relied upon by defendant in its argument, there is nothing to show that the defendant in any way waived the right of plaintiff to set up a new cause of action in its reply. But on the contrary, it would seem that the defendant in that case insisted that the plaintiff had no such right. In this case, it must be conceded that the court of equity, to which the so-called equitable issues were referred for determination, had jurisdiction over the parties and over the general subject matter; and while it must be conceded that no equitable issues were under the pleadings properly presented, which called for the determination of the court of equity, still the defendant having against the objection of the plaintiff elected of its own motion to treat the pleadings in the case, as having raised an equitable issue for the determination of the court, and having thereby prevented plaintiff from having such questions determined by a jury, it can not now raise the question of want of jurisdiction. It was the privilege of defendant to insist that no new cause of action and no equitable issues were presented, but that the matters set forth in plaintiff's reply were properly determinable by a jury alone as constituting strictly matters of defense to defendant's answer; but having waived this right and having insisted that there were equitable issues, and having invited a court of equity to determine the same, and the court having jurisdiction over the parties and over the general subject matter, we think the defendant should be bound by the finding of the court. I do not think the case of More v. Truman, 10 Ohio St., 45, to the effect "that where a judgment or decree is relied on by way of evidence a conclusive *per se* between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein necessarily tried and determined," bears upon the question at issue. The question of what was the real contract between the parties must, under the issue of this case, necessarily have been tried and determined, either by the jury, or by the court without the intervention of a jury. The fact that it was determined by the court instead of by the jury upon the motion of the defendant, makes the question none the less one that must have been necessarily tried and determined. In order for the defendant to take advantage of this rule

[COPYRIGHT, 1898, BY CARL G. JAHN.]

of law, we think it should appear that the controversy which was determined was not necessarily triable and determinable in the case, before any tribunal before whom it might be brought. It is not sufficient to say that it was not necessarily triable and determinable by a court of equity, when the defendant, of its own motion, invoked the aid of that court, and when it appears that the same controversy must have been tried and determined by the jury if properly submitted to them.

But again, the defendant assumes that the court was without jurisdiction to make the decree in question, because it was not the province of the reply to set up a new equitable cause of action when the petition contained only an action in tort. But as I have said, the matters set up in the reply might properly be regarded as mere matters of defense to the new matter set up in defendant's answer, their purpose being to show that the defendant had broken the real contract of settlement between the parties, leaving the plaintiff free to pursue his original claim in court. The matters submitted to the court of equity were therefore, strictly speaking, matters of legal defense. The determination of such matters of legal defense by a court of equity, while erroneous and constituting grounds for a *reversal*, provided a party is not estopped to raise the question, can not be said to be void for want of jurisdiction, so as to be subject to collateral attack.

The case of Smith v. McKay, (161 U. S., 355), is instructive on this point. The question there was as to the right of appeal to the United States Supreme Court upon the question of jurisdiction under sec. 5, of the Judiciary Act of March 3, 1891, providing that:

"In any case in which the question of jurisdiction of the court is in issue, in such case, the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

The appellants sought to have the Supreme Court reverse the action of the Circuit Court in entertaining jurisdiction of a bill in equity in a case where the complainant had a plain, adequate and complete remedy at law. But the court dismissed the appeal, on the ground that no jurisdictional question was presented. The court said:

"It demands a dismissal of the appeal on the ground that the objection was not * * to * * want of power in the Circuit Court to entertain the suit, but to * * want of equity in the complainant's bill."

Further the court said (p. 358):

"When the requisite citizenship of the parties appears, and the subject matter is such that the Circuit Court is competent to deal with it, the jurisdiction of the court attaches, and whether the

court should have sustained the complainant's prayer for equitable relief, or should dismiss the bill with leave to bring an action at law, either would be a valid exercise of jurisdiction."

So, in the present case, whether we treat the action of the court as determining a new cause of action improperly raised by the pleading, or as determining a question of legal defense, properly triable by the jury, we must say that however erroneous its action, either was a valid exercise of jurisdiction.

The objection made by defendant that the decree in question is not a final order, I do not consider to be well taken. It is true that under the issues properly presented by the pleadings in that case, it was not a final order; but, nevertheless, we think it is an order that should be binding and conclusive upon the parties until modified or set aside by proper proceedings therefor. Such a decree would ordinarily be a final decree, and subject to be reviewed by the upper courts as such. But in this particular case the defendant has, by its own action, caused such a decree to be made in such a case and under such circumstances that it is not final as determining the ultimate rights of the parties in that action, but is an interlocutory decree.

By such proceedings on its part, it may be that the defendant has precluded itself from proceeding to reverse or set aside said decree until the real issues fairly presented by the pleadings in the case have been determined. Nevertheless, it must take the consequences of its action, and must be held to abide by such decree until it, together with any final judgment which may be rendered in that case, may be reviewed by the upper courts.

The decree in question will therefore be admitted as evidence of the real contract between the parties.

Ed. M. Spangenberg, John J. Gasser and Thomas L. Michie, for plaintiff.

Kittredge & Wilby, and Paxton, Warrington & Boutet, for defendant.