Robinson, J.
 

 The plaintiff in error here was plaintiff below, and defendant in error here was defendant below, and will be referred to herein as plaintiff and defendant.
 

 The amended petition of plaintiff, upon which this cause was tried, avers that in 1916 plaintiff was the owner of a certain lease of a coal mine;
 
 *121
 
 that in the fall of that year “plaintiff and defendant entered into an oral agreement whereby the defendant agreed to market all the coal mined by plaintiff from his said coal mine and advanced said plaintiff $1.50 per ton for the purpose of enabling said plaintiff to promptly meet his semimonthly pay roll and other incidental mining expenses, in consideration that the plaintiff would mine and deliver the coal from said coal mine of plaintiff into the railway cars at the Dabney tipple in Pomeroy, Ohio;” that such agreement further provided that “all of the proceeds derived from the marketing and sale of said coal, after meeting the expenses of mining, as hereinbefore set forth, should be divided share and share alike, each receiving a one-half portion, after having first paid the royalty on said lease in the sum of twelve and one-half cents (12%c) per ton.”
 

 The amended petition further avers that plaintiff operated the mine under the agreement until the spring of 1917; that during that period he mined and furnished on board ears, and defendant marketed, coal to the amount of 2,886.35 tons, for which the defendant received $9,337.82; that the total amount paid by the defendant on account of the agreement was $4,329.52; and that the one-half of the excess of the amount received over the expenditures amounted to the sum of $2,423.75, for which he asks judgment.
 

 The defendant by answer made a general denial and also pleaded a former adjudication.
 

 The record discloses that at the time of the claimed agreement the plaintiff was the owner of a lease upon the coal in question; that the de
 
 *122
 
 fendant was the owner of certain mine cars and other personal property used by plaintiff in the operation of the mine; that in the spring of 1917, upon the plaintiff refusing to continue to deliver coal .to, the defendant, the defendant brought suit in the Common Pleas Court of Meigs county against the plaintiff to recover the possession of the personal property, claiming ownership thereof, in which suit the defendant, plaintiff here, filed a general denial, and at the trial, under the general denial,. offered evidence to the effect that he had entered into an agreement with the plaintiff in that cause, defendant here, whereby he became the owner of the personal property in controversy, and that plaintiff there was to be paid therefor out of the proceeds of the sale of coal in excess of $1.50 per ton, and that in other respects the agreement was as set forth in the petition herein.
 

 There was some evidence offered and admitted in that trial touching the amount of coal delivered and the price received, .and other evidence proffered touching the same matter, which was excluded.
 

 In the submission of the replevin case to the jury the court charged the jury as follows:
 

 “The court says to you that, if the plaintiff has proven by a preponderance of the evidence that he was the owner of the property; and that the alleged contract with Mr. Sauer was not entered into at all, then your verdict should be for the plaintiff. On the other hand, the court instructs you, if you believe from the evidence that such a contract was entered into, and that Mr. Sauer by the terms thereof purchased the property, then the court says to you, the title to the property changed, and your verdict should be for the defendant.”
 

 
 *123
 
 It thus is apparent both from the exclusion of evidence touching the matter of profits and the charge of the court that the cause in the replevin case was submitted to the jury upon the theory that, if the agreement pertaining to the sale of the property by Downing to Sauer was entered into, the title to the property passed from Downing to Sauer at the time of the agreement, irrespective of any profits which may or may not .have been earned, and the title to the property was in no sense dependent upon the determination of the question whether Sauer had paid therefor, or whether Sauer was indebted to Downing or Downing indebted to Sauer, and, while it may logically be argued that the jury in that case, having found that no agreement was entered into between Downing and Sauer whereby the title to the personal property passed from Downing to Sauer, would, had the question been submitted to them, have made the same finding as to the agreement with reference to the division of the profits over and above $1.50 per ton, being a part of the same verbal agreement, yet, since the existence or nonexistence of that part of the contract, according to the view of the trial court, in no way entered into the determination of the issue there involved, and the issue was specifically confined to the question whether there was an agreement to the sale of the personal property, it cannot be said that the particular controversy in the case at bar “was therein necessarily tried and determined.”
 

 Measured by the rule laid down in the case of
 
 Lessee of Lore
 
 v.
 
 Truman,
 
 10 Ohio St., 45, wherein this court declared that “where a judgment or
 
 *124
 
 decree is relied on by way of evidence, as conclusive
 
 per se,
 
 between tbe parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein
 
 necessarily
 
 tried and determined,” the verdict of the jury and the judgment in the replevin case at most affected the credibility of the plaintiff, and did not amount to a bar in the present action.
 

 We therefore do not find ourselves in accord with the judgment of the Court of Appeals reversing the judgment of the court of common pleas upon the sole ground that the cause of action of the plaintiff was tried and determined in the replevin case. A jury might well find that Sauer had failed to furnish a preponderance of proof as to the purchase of the personal property, and had furnished a preponderance of proof as to the agreement with reference to the sale of the coal; and indeed separate juries have so found. The question determined by the jury in the instant case was not submitted to the jury in the replevin case, and the question determined by the jury in the replevin case was not submitted to the jury in the instant case.
 

 The judgment of the Court of Appeals will be reversed, and that of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Wanamaker, Matthias and Allen, JJ., concur.
 

 Day, J., concurs in the syllabus, but not in the judgment.