Taft, J.
It is the contention of defendants that plaintiff is entitled only to the amount by which the $2,100 selling price of his land exceeded the amount represented by the delinquent general taxes and special assessments certified to the county treasurer for collection, the penalties and interest on those taxes and assessments and the costs of sale. The amount in controversy, therefore, is the amount of the special assessments and the penalties and interest thereon.
Plaintiff bases his claim on Section 5757, General Code, which,reads:
“If any of such forfeited lands are sold for a greater sum than the amount of such tax, assessment, interest, penalty, and costs of sale, the county auditor shall charge the county treasurer separately in each case, *269 in the name of the supposed owner, with the excess above such amount. The treasurer shall retain such excess in the treasury for the proper owner of the forfeited lands, and upon demand by such owner, within six years from the day of sale, shall pay the excess to him.”
The contentions of defendants are that, even though the liens for such special assessments were void by reason of failure to comply with Section 8572-56, General Code, as in force prior to its repeal in 1937 and at the time of their levy, both the judgment of the Common Pleas Court, rendered pursuant to Section 5718-lc, General Code, and ordering plaintiff’s land forfeited to the state, and the judgment of the court, rendered pursuant to Section 8572-58, General Code, and ordering issuance of a certificate of title under the Torrens Act to the purchaser at the tax sale, barred plaintiff from asserting that the liens for the special assessments were void.
Plaintiff argues that the recent decision rendered by this court in the Gundersen case necessitates a rejection of those contentions of defendants. However, since no such contentions were considered in either the syllabus, the majority opinion or the dissenting opinion in the Gundersen case, we believe it appropriate to consider these contentions made by defendants in the instant case.
The soundness of defendants’ position depends upon the nature of the court proceedings provided for in Sections 5718-la to 5718-lc, inclusive, General Code, and of those provided for in Section 8572-58, General Code, the judgments rendered in those proceedings, and the activity or inactivity of the plaintiff in those proceedings.
Section 5718, General Code, provides that, at the expiration of two years after certification of lands as delinquent, “the county auditor shall make * * * a *270 certificate, to be known as a delinquent land tax certificate of each delinquent tract of land * * V’ Provision is then made for tax foreclosures with respect to the land covered by such certificates. See Sections 5718-3, 5718-4 and 5719, General Code.
However, Section 5718-1, General Code, provides that, before making such delinquent land tax certificates, “the county auditor shall submit a list of lands on the delinquent list and subject to foreclosure to the county board of revision, and if, in its judgment and discretion, such board is of the opinion that such list contains property or properties so certified which will not bring upon a sale a sufficient amount of money to pay the total amount charged against it on the tax duplicate, together with the cost of foreclosure, such board may order the same to be omitted from the foreclosure proceedings hereinafter provided; and as to such lands so ordered to be omitted, no delinquent land tax certificate shall be made.” That section also provides for “a list of the lands so omitted.”
Section 5718-la, General Code, provides for the filing of an application in the Common Pleas Court on behalf of the board of revision with respect to such “omitted lands,” reciting “the action taken by such board with respect to such lands” and praying “for an order fixing a day for the hearing of objections to the action of such board and, after such hearing, an order confirming the action of such board and forfeiting such lands to the state of Ohio.”
Section 5718-1&, General Code, provides for publication of a notice of “the hearing of objections to the action of the board of revision in making such list of omitted lands.” Under the provisions of this section, this publication is to contain a “list of such omitted lands” and “the names of the owners, as found on the auditor’s duplicate * * *, a description of the property as it appears on the tax list and the *271 amount of taxes, assessments and penalties due at the time of omission.” The publication provided for also states that those “claiming any interest in such lands” may file objections and that “if no valid objections are presented as to any of said lands the action of the county board of revision will be confirmed and said lands ordered forfeited to the state of Ohio to be sold pursuant to law.”
Section 5718-lc, General Code, provides so far as material in the instant case:
“At the time appointed for such hearing * * *. If there are no objections, the court shall examine into the proceedings affecting such lands, both prior and subsequent to the filing of the application. If it appears that such proceedings were regular and in conformity with law, the court shall so find and such finding shall not be collaterally attacked. The court shall thereupon confirm the action of the board of revision and shall order such lands forfeited to the state of Ohio. Such lands shall thereupon be forfeited to the state of Ohio and disposed of as provided * * *.
U # # *
“The term ‘legal objections’ as used in this section shall mean any one or more of the following:
É Í # # *
“2. That the lands or lots are not properly listed.
“3. That the proceedings to omit such lands or lots from the foreclosure list have been irregular.”
Plaintiff did not advance any reasons as to why the Common Pleas Court in the proceedings provided for by the foregoing statute should or should not take any action with respect to these lands. While it was urged in the dissenting opinion in the Oundersen case that a purchaser from the state might be estopped by reason of the affirmative action taken by the state in such legal proceedings to enable it to secure the right to sell the land sold at tax sale to such purchaser, there *272 was no notion in the instant case which conld even be suggested as the basis for any estoppel by plaintiff.
The only two ultimate matters which the judgment of the Common Pleas Court was authorized to determine in the proceedings under this statute were (1) whether the proceedings of the board of revision, in determining that the land should be omitted from foreclosure proceedings, were regular and conformed with law and (2) whether these lands should be forfeited to the state. It may be said, therefore, that those proceedings involved only causes of action to determine those two matters.
Even though he did not object, plaintiff could have objected to those determinations and consequently the judgment, which the Common Pleas Court rendered, would bar plaintiff from ever contending in other legal proceedings with the state or those claiming under the state that those proceedings of the board were not regular and lawful or that his land should not have been forfeited to the state. Bliss Realty, Inc., v. Darash, post, 287. However plaintiff, in the instant case, does not question the legality or regularity of those proceedings of the board or the forfeiture of his land to the state. He contends that the proceedings of the board were legal and regular and that his land was properly forfeited to the state. He seeks other relief.
Unless the judgment rendered by the Common Pleas Court was necessarily based upon the finding that the amount of the assessments, properly chargeable against the plaintiff’s land, was as shown by the list of omitted lands, the judgment will not operate to bar plaintiff from successfully contending in the instant case that it was not.
There is nothing alleged in the petition demurred to which requires the conclusion that the state would not have had a right under the statutes to omit plain *273 tiff’s land from foreclosure and have it forfeited to the state by reason of the delinquent general taxes even if no assessments had been involved. It follows that the petition demurred to does not disclose that the judgment of the Common Pleas Court was necessarily based upon any finding by that court that the liens for the assessments were valid in any amount; and that, therefore, the judgment in the proceedings under those statutes does not bar plaintiff in the instant case from contending that such liens were void.
In an action upon a different cause of action from that involved in a prior action between the same parties, the judgment in such prior action will operate as an adjudication between the parties only as to the points or questions actually litigated and determined or which must necessarily have been determined in order to support that judgment, and not as to other matters which might have been litigated and determined. Porter v. Wagner, 36 Ohio St., 471; Lessee of Lore v. Truman, 10 Ohio St., 45; Norwood v. MacDonald et al., Admrs., 142 Ohio St., 299, 52 N. E. (2d), 67. See 30 American Jurisprudence, 925, 930, Sections 180, 183; 23 Ohio Jurisprudence, 982, Section 749.
In order for a purchaser at a tax sale of forfeited lands to secure a registered title under the Torrens Act, he must, pursuant to Section 8572-58, General Code, secure an order of the court for registration of title “on application therefor by petition to which all persons in interest shall be made parties and brought before the court.” That section further provides in part:
“Any person interested in the land may show, as cause why such certificate of title shall not issue, any fact that might be shown at law or in equity on his behalf to set aside such tax deed; and the party named in the tax deed shall be required to show affirmatively *274 that all of the requirements of the statute to entitle him to a deed have been strictly complied with.”
The purchaser of the land involved in the instant case filed such a petition and made plaintiff a party.
As urged in the dissenting opinion in the Gundersen case, such purchaser, by instituting and carrying through such proceedings, would necessarily take a position in support of the validity of the taxes and the liens for assessments for which plaintiff’s land had beén forfeited to the state. However, unlike such a purchaser, plaintiff in the instant case did nothing in those proceedings. The cause of action asserted by such a purchaser would necessarily depend upon the right of the state to forfeiture of plaintiff’s land. As hereinbefore pointed out, that right to forfeiture might, under the allegations of the petition demurred to, be sustained by the delinquent taxes involved. It did not necessarily depend upon the validity to any extent of the liens for the assessments, in controversy in the instant case. The judgment therein would therefore not adjudicate, as against the plaintiff, any right of the plaintiff to contest the validity of such liens in a proceeding which did not question the validity of the tax deed to the purchaser and the purchaser’s right to registration of title of the land under the Torrens Act.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.